[Cite as *In re J.H.*, 2025-Ohio-4343.]

## COURT OF APPEALS STARK COUNTY, OHIO
## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: J.H. | Case No. 2024CA00184 |
| | <u>Opinion and Judgment Entry</u> |
| | Appeal from the Stark County Court of Common Pleas, Juvenile Division, Case No. 2022-JCR-01187 |
| | Judgment: Reversed and Remanded |
| | Date of Judgment Entry: September 15, 2025 |

**BEFORE:** William B. Hoffman, Andrew J. King, Robert G. Montgomery, Appellate Judges

**APPEARANCES:** Kyle L. Stone, Prosecuting Attorney, Christopher A. Piekarski, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Lauren Hammersmith, for Defendant-Appellant.

OPINION

*Hoffman, P.J.*

**{¶1}** Appellant J.H. appeals the October 30, 2024 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which re-imposed a previously stayed one-year commitment to the Ohio Department of Youth Services ("DYS") and ordered the commitment be served consecutively to the one-year commitment imposed in the instant matter. Appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On September 2, 2022, a complaint was filed in the Stark County Court of Common Pleas, Juvenile Division, Case No. 2022JCR01187, alleging Appellant appeared to be a delinquent child for committing acts which constitute the offense of burglary, in violation of R.C. 2911.12(A)(1), a felony of the second degree if committed by an adult. Appellant appeared before the juvenile court on October 4, 2022, and entered a plea of true to the complaint. The juvenile court accepted Appellant's plea and adjudicated him delinquent. The juvenile court ordered Appellant to serve 90 days in the Juvenile Attention Center with 17 days credited and 73 days suspended, and one year in DYS with the DYS commitment stayed and Appellant "subject to Community Control by the Family Court for a period up to 18 months." October 4, 2024 Magistrate's Decision.

**{¶3}** On January 17, 2023, upon oral motion of Probation Officer Sylvia Hubbard, the juvenile court ordered Appellant discharged, effective January 12, 2023, from "the

---

[1] A Statement of the Facts is not necessary for our disposition of this appeal.

terms of probation" in Case No. 2022JCR01187. January 17, 2023 Judgment Entry. The juvenile court found Appellant had "abid[ed] by and fulfill[ed] the terms of probation set by the Court and his/her parents." *Id*.

**{¶4}** Appellant was brought before the juvenile court on October 22, 2024, upon a complaint filed in Stark County Court of Common Pleas, Juvenile Division, Case No. 2024JCR01392. The complaint alleged Appellant appeared to be a delinquent child for committing acts which would constitute the offense of complicity to commit aggravated robbery, in violation of R.C. 2923.03 and 2911.01(A)(2), a felony of the first degree if committed by an adult. The juvenile court adjudicated Appellant delinquent and committed Appellant to DYS for a minimum period of one year in Case No. 2024JCR01392, to be served consecutively to the one-year commitment in Case No. 2022JCR01187.

**{¶5}** The juvenile court memorialized Appellant's adjudication and commitment via Judgment Entry filed October 30, 2024.

**{¶6}** It is from this judgment entry Appellant appeals, raising the following assignment of error:


THE JUVENILE COURT ACTED WITHOUT AUTHORITY WHEN IT

INVOKED J.H.'S SUSPENDED DYS COMMITMENT IN CASE NO. 2022

JCR 01187 WHEN THAT CASE HAD BEEN TERMINATED.


I.

**{¶7}** In his sole assignment of error, Appellant contends the juvenile court acted without authority to re-impose his suspended DYS commitment in Case No. 2022 JCR 01187. The State concedes this error as the juvenile court was without jurisdiction on October 22, 2024, to re-impose the one-year commitment to DYS in Case No. 2022JCR01187 because Appellant's eighteen-month term of community control in that case expired on April 4, 2024.

**{¶8}** Appellant's sole assignment of error is sustained.

**{¶9}** The judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and the matter remanded to the trial court for further proceedings in accordance with this Opinion. Costs waived.

By: Hoffman, P.J.

King, J. and

Montgomery, J. concur